Case: 4:17-cr-00065-RWS-SPM   Doc. #: 2   Filed: 02/01/17   Page: 1 of 7 PageID #: 21

FILED
FEB -1 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **4:17CR00065 RWS/SPM** |
| v. ) | |
| ) | [18 U.S.C. § 1341; |
| KEVIN KUNLAY WILLIAMS ) | 18 U.S.C. § 1028A(a)(1), (c)(5); |
| ) | 18 U.S.C. § 981(a)(1)(C)] |
| ) | |
| Defendant. ) | **INDICTMENT** |

**The Grand Jury charges that:**

## COUNTS ONE THROUGH THREE
(Mail Fraud)

*INTRODUCTION*

At all times relevant to this Indictment:

1. Defendant KEVIN KUNLAY WILLIAMS resided in St. Louis, Missouri.

2. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States, and collecting taxes owed to the United States.

3. An Electronic Filing Identification Number ("EFIN") was a number assigned by the IRS to tax preparers who become authorized IRS e-file providers. The EFIN number permits the preparers to electronically file tax returns.

4. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, date of birth, or an EFIN.

5.     Company A provides flexible office workspace in multiple cities across the United States for use by customers on a yearly, monthly, daily, or hourly basis. Company A, on request, provided additional business services to its customers to include receiving and forwarding packages and mail.

6.     Company B assisted tax preparation businesses by providing tax-related bank products and related services that help facilitate the issuance of tax refunds. These bank products allowed a tax preparation business to direct a client's tax refund to be printed as a check in the office of a tax preparation business, directed to a prepaid debit card, or directed to a bank account. As part of its services, Company B mailed blank check stock and debit cards to tax preparation businesses. The tax preparation businesses could have used the check stock to print checks funded by federal income tax refunds.

*OFFENSE*

7.     From in or about August 2015 through in or about January 2017, within the Eastern District of Missouri and elsewhere, Defendant KEVIN KUNLAY WILLIAMS, having voluntarily and intentionally devised and participated in a scheme and artifice to defraud, with knowledge of its fraudulent nature, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United States Postal Service ("Postal Service") and by a private or commercial interstate carrier, and did take and receive matters and things that had been delivered.

*THE SCHEME AND ARTIFICE*

8. It was part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did obtain the means of identification of individuals, including their names and Social Security numbers.

9. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did access without authorization the payroll information of employees of various public school systems from a payroll company.

10. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did obtain information related to EFINs issued in the names of several tax preparers without their authorization, including EFINs assigned to R.H. and D.R.

11. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS would and did arrange for mail forwarding services with Company A in the names of tax preparation businesses and tax preparers, without their authorization, in multiple cities in the United States, including Las Vegas, Nevada and Salt Lake City, Utah.

12. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did apply for bank products through Company B in the names of the tax preparation businesses without their authorization and direct that Company B mail debit cards and blank check stock to Company A.

13. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS would and did direct Company A to forward mail to his residence in St. Louis, Missouri.

-4-

14. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did use without authorization the means of identification and the payroll information of individuals to prepare and electronically file false income tax returns with the IRS.

15. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did direct the anticipated tax refunds to prepaid debit cards, to bank accounts, and to companies, such as Company B, that in turn issued the refunds via checks or prepaid debit cards.

16. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did cause fraudulently issued tax refund checks to be cashed at a check cashing business located in Texas.

17. It was further part of the scheme and artifice that Defendant KEVIN KUNLAY WILLIAMS and others, both known and unknown to the grand jury, would and did take steps to conceal the existence of the scheme.

## THE MAILINGS

18. On or about each date listed below, in the Eastern District of Missouri and elsewhere, the Defendant KEVIN KUNLAY WILLIAMS, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, and knowingly caused to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service and by a private or commercial interstate carrier and did take and receive matters and things that had been delivered, as described below:

-5-

| Count | Date of Mailing | Mailed From | Mailed To | Description of Contents |
|---|---|---|---|---|
| ONE | 1/04/2016 | Salt Lake City, Utah | Alberta Street, St. Louis, MO | Check Stock and Debit Cards |
| TWO | 3/15/2016 | Las Vegas, Nevada | Alberta Street, St. Louis, MO | Check Stock and Debit Cards |
| THREE | 4/28/2016 | Las Vegas, Nevada | Alberta Street, St. Louis, MO | Check Stock |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS FOUR AND FIVE
(Aggravated Identity Theft)

19. The factual allegations contained in Paragraphs 1 through 17 of this Indictment are realleged and incorporated herein as if copied verbatim.

20. On or about each date listed below, within the Eastern District of Missouri and elsewhere, Defendant KEVIN KUNLAY WILLIAMS did knowingly possess, transfer, and use, without lawful authority, the means of identification of another person during and in relation to the offense in this Indictment identified as a Related Count below, that is, he knowingly possessed, transferred, and used the name of an actual person known to the grand jury, listed by his or her initials below, during and in relation to committing the offense of mail fraud in violation of 18 U.S.C. § 1341:

| Count | Date of Offense | Related Count | Individual |
|---|---|---|---|
| FOUR | 1/04/2016 | ONE | R.H. |
| FIVE | 4/28/2016 | THREE | D.R. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and Section 2.

-6-
## FORFEITURE ALLEGATION

21. The allegations contained in Counts One through Three of this Indictment are realleged and incorporated herein as if copied verbatim for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

22. Upon conviction for the offenses alleged in Counts One through Three, the Defendant KEVIN KUNLAY WILLIAMS shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property constituting or derived from the proceeds said Defendant obtained directly or indirectly as a result of said offenses.

23. If any of the property subject to forfeiture, as a result of any act or omission of the Defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United

-7-

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), up to the value of the forfeitable property described above.

                                                                      A TRUE BILL:

                                                                      _____
                                                                       Foreperson

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

_____
Charles Edgar, Jr.
Michael Boteler
Trial Attorneys
United States Department of Justice
Tax Division